**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000056
15-JUL-2026
08:04 AM
Dkt. 150 SO**

NO. CAAP-25-0000056

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HYE JA CHOI, Plaintiff-Appellant,
v.
ASSOCIATION OF APARTMENT OWNERS OF QUEEN EMMA GARDENS AND
TOUCHSTONE PROPERTIES LTD., Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0001522)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Gluck, JJ.)

Self-represented Plaintiff-Appellant Hye Ja Choi (**Choi**) appeals from the December 31, 2024 Judgment entered by the Circuit Court of the First Circuit (**Circuit Court**),[1] which followed the Circuit Court's November 25, 2024 Order Granting Defendants Association of Apartment Owners of Queen Emma Gardens and Touchstone Properties, Ltd.'s (**QEG**) Motion to Dismiss with Prejudice.

The background facts are these: on November 30, 2022, Choi filed a Complaint against QEG, alleging that she was injured when she slipped and fell in the lobby of her condominium building. Choi alleged that she incurred medical expenses and that she lost income. The case was referred to the

---

[1] The Honorable Lisa W. Cataldo presided.

Court Annexed Arbitration Program (**CAAP**), but – at QEG's request (and over Choi's objection) – was removed from CAAP on January 5, 2024.

On May 10, 2023, QEG served its First Request for Answers to Interrogatories upon Choi. On June 7, 2024, QEG filed a Motion to Compel Plaintiff to Respond to Discovery Requests (**Motion to Compel**) in which QEG asserted that Choi's discovery responses were "inadequate and incomplete." In the Motion to Compel, QEG sought an order requiring that Choi: "(a) identify all of her health care providers for the ten years preceding the incident described in the Complaint and provide HIPAA compliant authorizations so the records can be obtained directly from the providers, and (b) identify all of her employers' names and addresses for the last five (5) years."[2]

---

[2] These requests appear to track two of QEG's interrogatories. Interrogatory #2 requested the following:

> 2. List your occupation or job (full and/or part-time) and employers' name and address during the last five (5) years, starting with your present employer.

This is the exact language of Interrogatory #2 of "Interrogatories to Plaintiff (Slip/Trip/Fall)," one of the standard discovery forms on the website of the Circuit Court of the First Circuit. See "Circuit Court Forms for Oʻahu (First Circuit)," available at https://www.courts.state.hi.us/self-help/courts/forms/oahu/circuit_court_forms [https://perma.cc/TN7T-NA8W]; "Interrogatories to Plaintiff (Slip/Trip/Fall)," available at https://www.courts.state.hi.us/docs/1CP/1CP526.pdf [https://perma.cc/JNM9-NPA5] at 1.

The exact language of the other interrogatory is not readily apparent in the record, but QEG describes the Interrogatory as "requesting the names and addresses of [Choi's] health care providers for the ten years before the incident to the present[.]" This may be a paraphrase of Interrogatory #13 of "Interrogatories to Plaintiff (Slip/Trip/Fall)," which provides:

> 13. State the name and address of all doctors, chiropractors, hospitals, therapists and other health care providers who have rendered medical and/or other types of care for the ten (10) years before the incident to the present.

https://www.courts.state.hi.us/docs/1CP/1CP526.pdf [https://perma.cc/JNM9-NPA5] at 8.

The Circuit Court heard the Motion to Compel on July 12, 2024. Choi objected, stating: "So even though they were asking to submit the list for -- of employee -- my employer for five years to ten years, however, that's my private information and then I'm not going to. I refuse to submit." The Circuit Court provided a lengthy explanation about the discovery process:

> [T]he Judicial Arbitration Commission determined, unrelated to the specifics of this case, that when there is a case such as this, a slip-and-fall, a premises liability case, and injuries and lost wages are claimed, the defendant is entitled to ten years of your medical health information going back from the date of the accident or the date of the discovery request and five years for your employment information.
>
> These time frames, whether the case is in arbitration or now is exempted from arbitration, are very standard time frames in personal injury cases and premises liability cases such as this.
>
> The reason the defendant is entitled to that information is the defendant under our rules is given a full free opportunity to assess your claims for damages.
>
> Here, as it relates to employment information, while you were unemployed at the time of the accident, you are seeking significant amounts for lost wages and future lost wages. A defendant is interested in learning what types of jobs you had in the past, how much you were compensated for those jobs, perhaps how long you were employed by your employers, and the reasons for you leaving. Also they can assess the strength of your demand for lost wages in the future.
>
> Similarly, as to your damages or claims for injuries, the defendant is entitled to inquire as to your physical condition prior to the date of the accident, to determine whether you had any prior injuries or conditions that would have affected you or impaired any aspect of your body, or be related to any of your claims of injuries so that the defendant may assert perhaps the defense of apportionment or claim that they in fact are not entite [sic] -- they are not responsible for the claimed injuries.
>
> As it relates to the medical records, our legal system does not rely on the plaintiff to review their medical records and provide what they believe is relevant to the defense.
>
> Rather, it is typical that the defense will provide a written authorization to the plaintiff that complies with

applicable laws related to the disclosure of medical information, request that the plaintiff sign that authorization, submit that authorization to the medical provider, and the medical provider then will produce the records.

There's three things that are important for you to know about that process. Number one, that is the typical and usual way for the transmission of medical records to the defense.

Number two, the procedure establishes the predicate for authentication of those records so they may use -- be used for motions practices, depositions, or at trial without any question as to where those particular records came from.

And the third is that in this case the defense is offering to provide you without cost to you a copy of all medical records obtained pursuant to this process. That, I don't know how much that may save you in costs. Often times, medical records because of the extent can be expensive. But, typically, both parties each pay for their own copy of the records. Here, the defense is offering to provide you a copy of all the records obtained at no cost to yourself.

The Circuit Court gave Choi an opportunity to present her arguments, and Choi asserted that the requested records were irrelevant.[3] The Circuit Court disagreed: it granted the Motion to Compel and set deadlines for compliance. Additionally, pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) 37, the Circuit Court granted QEG's request for fees and costs (for having to bring the motion to compel) in part, limiting QEG's request to $350.00. The Circuit Court entered a written order on July 30, 2024 (**July 2024 Order**).

On September 23, 2024, QEG filed a motion to dismiss the Complaint with prejudice, asserting that Choi had failed to comply with the July 2024 Order. The Circuit Court heard the motion on November 14, 2024. The Circuit Court directly asked Choi whether Choi intended to comply with the July 2024 Order:

---

[3] We also note that Choi did not seek to narrow QEG's discovery request in any way.

4

> The order at issue required you to provide the names and addresses of all doctors and chiropractors, hospitals, therapists, and other health care providers who have rendered medical and/or other types of care for the ten years before November 20, 2022, to the present. Have you done that? Please pause for the interpreter.
>
> THE INTERPRETER: She said in 2022 and, uh -- (indiscernible), and then she has sent many times before that (indiscernible) receipts and prior -- prior to '22 and before that she said she -- it doesn't have nothing to do with this case.
>
> THE COURT: All right. So the court takes that response to mean you have not complied with that aspect of the discovery order.
>
> Have you provided [QEG's counsel] with the names and addresses of your employers for the five years before November 20th, 2022?
>
> THE INTERPRETER: Prior to -- five years prior to 2022, right?
>
> THE COURT: Correct.
>
> Please pause for the interpreter.
>
> THE INTERPRETER: She said, uh -- prior to the accident, which, um -- prior to the accident, um -- (indiscernible) uh, the records (indiscernible). After the accident that really matters here.

Shortly after this exchange, Choi indicated that she wanted a different Japanese-language interpreter, so the Circuit Court recessed the hearing to obtain a different interpreter. After changing interpreters, the Circuit Court again directly asked Choi whether Choi would comply with the July 2024 Order:

> THE COURT: . . . Will you comply with the court's July 2024 order? Yes or no?
>
> MS. CHOI: I'm not going -- going to comply.

The Circuit Court gave Choi additional time to argue, during which time Choi again asserted that her employment information from prior to the incident was irrelevant.

The Circuit Court expressly considered the five factors for discovery sanctions as set forth in Aloha Unlimited,

Inc. v. Coughlin, 79 Hawaiʻi 527, 532–33, 904 P.2d 541, 546–47 (App. 1995).  The Circuit Court had a lengthy discussion regarding the fifth factor (the availability of less drastic sanctions).  The Court expressly considered other sanctions, such as limiting medical damages to those providers from whom QEG had received some documentation; QEG responded by stating that, given the lack of discovery, "we can't make a correlation between these billings and medical records and whether they apply to the actual injuries that are being claimed[.]"  QEG's counsel confirmed that his clients would be prejudiced because they could not adequately assess Choi's damages claims without discovery.

At the conclusion of the hearing, the Circuit Court explained that if Choi complied with the July 2024 Order within a week, Choi's lawsuit would <u>not</u> be dismissed:

> Ms. Choi, you are in danger if you do not comply with the court's order of receiving an order dismissing your lawsuit with prejudice.  That would mean you would have no opportunity to seek any relief from your March 2021 slip-and-fall as you allege in your complaint.
>
> The court, given the seriousness of that sanction, the court is taking this motion under advisement for one week.  In that time, you -- you may determine your fate.
>
> If you are fully in compliance with the court's July 2024 order in terms of providing the required information both as to medical providers, as to prior employers, as to authorizations for medical records, and as for the amount that the court assessed for a sanction, no more than $350, then -- and it is provided within one week's time of today, the court . . . will likely deny the motion.
>
> However, if in one week's time Ms. Choi has not provided all of the information required under the court's July 2024 order, by, um -- November 21st, please submit a -- a very short supplemental declaration to the court and the court will submit its order on this motion.

On November 22, 2024, Choi filed a document entitled "Plaintiff's Objection to the Order to Force Partial Submission of Discovery Based on Judge's Prejudice and Illegalities

(Ordered 11/14/2024)."  The same day, QEG's counsel submitted a declaration that Choi had not complied with the discovery order. On November 25, 2024, the Circuit Court granted the motion to dismiss with prejudice.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Choi's contentions as follows, and affirm.

Choi's arguments on appeal are difficult to discern. She makes references to one of her other lawsuits and accuses the presiding judge and defense counsel of misconduct.  It is clear, however, that Choi continues to believe that the July 2024 Order was unlawful because it demanded "unreasonable, excessive, and burdensome access to the plaintiff's confidential personal information, which was unrelated to the case."  She continues to maintain that she was not required to provide information regarding her employers for the five years preceding the incident because, at the time of the incident, she was unemployed.  She states, "The plaintiff was not required to provide 10 years of his [sic] personal medical records and 10 years [sic] of his [sic] employer records prior to March 11, 2021 accident.  This is because the plaintiff never applied to the defendants for medical expenses or wages prior to the March 11, 2021 accident."  Reviewing Choi's pleadings liberally, it appears Choi's argument is that the Circuit Court erred in compelling this discovery and further erred in dismissing her lawsuit for not complying with the July 2024 Order.

**Standards of review:**  As to the scope of discoverable information under HRCP 26, Hawaiʻi's appellate courts have held:

> The Hawaiʻi Rules of Civil Procedure (HRCP) reflect a basic philosophy that a party to a civil action should be entitled to the disclosure of all relevant information in the possession of another person prior to trial, unless the

> information is privileged. However, the extent to which discovery is permitted under HRCP Rule 26 is subject to considerable latitude and the discretion of the trial court. Thus, the exercise of such discretion will not be disturbed in the absence of a clear abuse of discretion that results in substantial prejudice to a party. Accordingly, the applicable standard of review on a trial court's ruling on a motion to compel discovery, brought pursuant to HRCP Rule 26, is abuse of discretion.

Bank of New York Mellon v. Lemay, 137 Hawaiʻi 30, 33, 364 P.3d 928, 931 (App. 2015) (quoting Hac v. Univ. of Hawaiʻi, 102 Hawaiʻi 92, 100-01, 73 P.3d 46, 54-55 (2003)) (cleaned up).

As to sanctions, we "review[] the circuit court's imposition of sanctions for discovery abuse under the abuse of discretion standard." Fujimoto v. Au, 95 Hawaiʻi 116, 137, 19 P.3d 699, 720 (2001) (cleaned up).

**Relevance of discovery sought:** HRCP 26(b)(1)(A) (eff. 2022) provides in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, electronically stored information or tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Under this framework, QEG was entitled to examine the factual bases for Choi's claims that she was injured by QEG's negligence (and not some other cause), that Choi incurred medical expenses because of the injury (and not due to some other cause), and that Choi could have earned over $200,000 in wages but for the injury. The Circuit Court did not abuse its discretion in ordering Choi to identify her health care providers for the ten years preceding the incident and to identify her employers for the five years preceding the incident so that QEG could evaluate

Choi's claims. Choi's contention that these types of requests are somehow improper is unfounded. Indeed, the Circuit Court of the First Circuit lists various standard forms on its website, including discovery requests (for both plaintiffs and defendants) in "Slip/Trip/Fall" cases like Choi's. See https://www.courts.state.hi.us/self-help/courts/forms/oahu/circuit_court_forms [https://perma.cc/TN7T-NA8W]. One of those documents is entitled "Interrogatories to Plaintiff (Slip/Trip/Fall)," and included in those interrogatories are the exact requests at issue here. See note 2, supra; see also https://www.courts.state.hi.us/docs/1CP/1CP526.pdf [https://perma.cc/JNM9-NPA5] at page 1 (employment), 8 (medical). Choi's arguments that the information sought was irrelevant, and that the Circuit Court erred in compelling Choi to produce this information, are without merit.

**Sanctions**: The Circuit Court analyzed the five Aloha Unlimited factors. Choi does not directly address any of these factors. Instead, Choi contends that the Circuit Court — whom Choi describes as "the plaintiff's adversary" — "maliciously exercised her superior position as a judge and, through abuse of power, dismissed the plaintiff's case[.]" But nothing in Choi's brief suggests that the problem with the Circuit Court's dismissal was the severity of the sanction for the discovery violation; instead, her argument rests on Choi's (incorrect) belief that the July 2024 Order was itself unlawful. As such, any arguments as to the severity of the sanction are deemed waived. See HRAP 28(b)(7) (eff. 2022) ("Points not argued may be deemed waived.").

**Judicial misconduct**: Choi accuses the Circuit Court of misconduct, arguing that the Circuit Court violated Rules

9

1.1, 1.2, 1.3, 2.1-2.11, and 2.15 of the Hawaiʻi Revised Code of Judicial Conduct.[4]  Among other things, Choi alleges that:

> (i)    In a different case (1CCV-22-0001662), the same Circuit Court judge "due to her personal relationship with the defendant and his attorney, remained involved in the case due to a conflict of interest (recusal relationship), abused her power, and participated in the defendants' illegal acts."  Choi contends that the Circuit Court judge gave "contradictory" orders in the two cases (1CCV-22-0001662 and the instant case).

Any alleged errors in one of Choi's other lawsuits are not pertinent to our review of the instant case.  Indeed, the other case to which Choi refers is not a premises liability case – instead, it is a suit against a church alleging various improprieties in church organization and functioning – so it is unclear why Choi would expect discovery orders in the two cases to be identical.  Regardless, Choi has not provided any argument, nor has she pointed to anything in the record, to suggest that the Circuit Court engaged in misconduct or otherwise erred in the instant case.

> (ii)   "The judge didn't give the plaintiff any opportunity to speak at the hearing, leaving the hearing solely to the defendant's attorney."

This is simply untrue.  The Circuit Court was focused on the Aloha Unlimited case and the propriety of dismissal as a

---

[4]    The Hawaiʻi Revised Code of Judicial Conduct is available at https://www.courts.state.hi.us/wp-content/uploads/2025/07/rcjc_ada.pdf [https://perma.cc/54MF-59LQ].

sanction, but Choi reargued relevancy of the discovery sought. The Circuit Court had the following exchange with Choi:

> THE COURT:  My discussion with [QEG's counsel] was confined to Aloha Unlimited, which is the case that controls this motion to dismiss.  <u>You are free to talk about that case, the factors that the court has discussed, the analysis the court has provided, and [QEG's counsel's] position on whether less drastic sanctions are available.</u>  That's what [QEG's counsel] talked on.  That's what you may talk on.
>
> MS. CHOI:  Yeah, well -- well, that doesn't make sense because there are other issues that I would like to explain and then I think I'm entitled to speak other than just to say yes or no -- no answer.
>
> Well, I think -- I have an impression that, uh -- any -- anything that -- that is, uh -- is a -- disadvantage to the -- to the other side is -- is not allowed to discuss at this time.
>
> THE COURT:  . . . .
>
> I will give you five minutes.  You may talk about whatever you may talk about and the court will issue its decision.

Choi had an opportunity to speak, and her argument to the contrary is without merit.

> (iii)   "[T]he judge intentionally abused his [sic] power to . . . humiliate and harass the plaintiff."

Choi offers no support for this allegation, and we need not (and do not) address it.  <u>See</u> HRAP 28(b)(7) (the Opening Brief must include "The argument, containing the contentions of the appellant on the points presented <u>and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on</u>. . . .  Points not argued may be deemed waived." (emphasis added)).

> (iv)   "Collusion" between the Circuit Court and QEG's counsel exists because "[t]hese two individuals work in the same industry" and because the Circuit Court judge "while serving as a Circuit

11

Court judge, concurrently serves as an attorney for an insurance company[.]"

Choi is correct that both QEG's counsel and the Circuit Court judge "work in the same industry."  The Hawaiʻi Constitution requires as much:  "Justices and judges shall be residents and citizens of the State and of the United States, and licensed to practice law by the supreme court.  A justice of the supreme court, judge of the intermediate appellate court and judge of the circuit court shall have been so licensed for a period of not less than ten years preceding nomination."  Haw. Const. art. VI, § 3.  Choi, however, provides no support for her allegation that the Circuit Court judge is concurrently serving as an attorney in private practice.

In sum, Choi has not provided any support for her accusations of misconduct against the Circuit Court judge.  Based on the foregoing, we affirm the December 31, 2024 Judgment.

DATED:  Honolulu, Hawaiʻi, July 15, 2026.

On the briefs:

Hye Ja Choi,
Self-represented
Plaintiff-Appellant.

Thomas E. Cook and
Kelly A. S. Y. Kwan,
(Lyons, Brandt, Cook &
Hiramatsu)
for Defendants-Appellees.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Daniel M. Gluck
Associate Judge